**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Leonard Stallone,<br><br>                              Plaintiff,<br><br>              -v-<br><br>Home Depot U.S.A.,<br><br>                              Defendant, | 2:24-cv-8005<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On November 27, 2023, Plaintiff Leonard Stallone brought this action in the Supreme Court of the State of New York, Suffolk County against Defendant Home Depot U.S.A. on a claim of negligence stemming from an accident in which Stallone allegedly tripped on premises owned by Home Depot. (Not. Removal ¶ 1, ECF No. 1; Compl., ECF No. 1-3.) On November 18, 2024, Home Depot removed this case from state court to the United States District Court for the Eastern District of New York. (Not. Removal.) On January 3, 2025, this Court found that, at that time, Defendant had established this Court's subject matter jurisdiction over this action pursuant to U.S.C. § 1332(a). That determination was based on the report that Plaintiff had demanded $5,000,000 in damages and that complete diversity existed between Stallone, a domiciliary and citizen of New York, and Home Depot, a citizen of Delaware and Georgia. (Elec. Order, Jan. 3, 2025.)

Before the Court is an unopposed motion filed by Stallone on October 17, 2025 that seeks the joinder of Peggy Van De Wettering as a Defendant and, upon joinder, remand to the Supreme Court of the State of New York, Suffolk County. (Mot., ECF No. 19.)

The basis for joinder and remand is as follows. On April 10, 2025, Home Depot produced initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") that identified an unknown employee of "Ivy Acres of NJ Inc." as having operated a watering hose at the scene of the accident at issue. (ECF No. 19-2.) Following additional discovery, however, Stallone discovered on October 16, 2025, that the person operating the watering hose was instead an unknown employee of "Ivy Acres, Inc." (*See* Mot. at 2; ECF Nos. 19-3.) New York Department of State records show that Ivy Acres Inc. is a New York corporation that was voluntarily dissolved as of November 24, 2021, but was apparently still doing business at the time of the accident on July 3, 2023. (ECF No. 19-4; Compl ¶ 19.) Within a day of discovering these facts, Stallone filed the instant motion seeking joinder of Peggy Van De Wettering, a "Vice President" of Ivy Acres, Inc., who signed an agreement for services between Home Depot and Ivy Acres, Inc. pursuant to which the unknown Ivy Acres, Inc. employee was operating the watering hose on the subject premises. (*See* Mot.; ECF No. 21-1.) The agreement for services is protected by a confidentiality agreement. Nevertheless, the parties stipulate that Peggy Van De Wettering signed the agreement and that she resides at an address in Riverhead, New York, is registered to vote in New York, and all other "known facts demonstrate [that] [she] is a citizen of the State of New York" (ECF No. 21-1; *see* Elec. Order, Dec. 9, 2025.)

Based on these facts and for the reasons set forth below, the Court grants Stallone's motion to join Van De Wettering as a Defendant and remands this action to the Supreme Court of the State of New York, Suffolk County under 28 U.S.C. § 1447(e) for lack of diversity of complete diversity of citizenship between Stallone and Defendants.

2

## LEGAL STANDARDS

This Court has an independent obligation to determine whether it possesses subject matter jurisdiction over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). In any case removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As a result, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* § 1447(e). "The decision as to whether to permit the joinder of the additional parties is within the sound discretion of this Court." *Isaly v. Bos. Globe Media Partners, LLC*, 650 F. Supp. 3d 106, 111 (S.D.N.Y. 2023), aff'd, No. 23-67, 2023 WL 6439901 (2d Cir. Oct. 3, 2023).

### I.    Diversity Jurisdiction

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

Determining whether there is complete diversity requires assessing the citizenship of each party. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed

3

home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). It is well-established that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider factors including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

## II.    Joinder of Non-Diverse Parties

In a removed action, "[u]nder 28 U.S.C. § 1447(e), . . . a plaintiff must seek permission from the Court prior to joinder of a defendant who destroys diversity jurisdiction." *Leifer v. JPMorgan Chase Bank, N.A.*, No. 18-cv-7477, 2020 WL 1130727, at *2 (S.D.N.Y. Mar. 9, 2020). In such cases, "a district court engages in a two-pronged analysis to determine whether to permit joinder and remand a case pursuant to Section 1447(e)." *Jerido v. Uber Techs., Inc.*, No. 22-cv-2217, 2022 WL 17986179, at *4 (S.D.N.Y. Dec. 29, 2022).

4

"First, the Court must determine whether the parties were properly joined under Federal Rule of Civil Procedure 20." *Isaly*, 650 F. Supp. 3d at 114. Under Rule 20, defendants may be properly joined in an action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also Isaly*, 650 F. Supp. 3d at 114.

"Second, even if Rule 20 is satisfied, courts in this Circuit permit a joinder which destroys diversity jurisdiction only when consistent with principles of fundamental fairness." *Isaly*, 650 F. Supp. 3d at 114. To make such a fairness determination, courts consider: "(1) any delay and the reason for delay, (2) prejudice to the defendant, (3) the likelihood of multiple litigation, and (4) the plaintiff's motivation in seeking joinder." *Id.*

## DISCUSSION

Here, Stallone seek permission under 28 U.S.C. § 1447(e) to join Van De Wettering because joinder of Van De Wettering would destroy complete diversity. *See Leifer*, 2020 WL 1130727, at *2. Indeed, the stipulation by the parties establishes that Van De Wettering is a citizen of New York because she resides at an address in Riverhead, New York, is registered to vote in New York, and all other "known facts demonstrate [that] [she] is a citizen of the State of New York." ECF No. 21-1; *see Lever*, 2021 WL 302648, at *7 (holding that the state of a person's voter registration is a fact that courts consider alongside residence in determining an individual's domicile). I must therefore consider whether joinder is proper under Rule 20, Fed. R. Civ. P. and whether it is consistent with fundamental fairness.[1]

---

[1] On December 9, 2025, I indicated that I would permit joinder "[b]ecause Defendant did not oppose the motion for joinder." (Elec. Order, Dec. 9, 2025.) This Order sets forth the reasoning

The first prong of the analysis is satisfied. Because Ivy Acres, Inc. had been dissolved at the time of the accident, Home Depot's contract for services with Ivy Acres is valid and enforceable as between Home Depot and and Van De Wettering. *See Metro Kitchenworks Sales, LLC v. Continental Cabinets, LLC*, 31 A.D.3d 722, 723 (2d Dept. 2006) ("When individuals purporting to act on behalf of a nonexistant principal enter into a contract with a third party . . . the one who assumes to act as an agent for a nonexistent principal is himself [or herself] liable on the contract in the absence of an agreement to the contrary . . ."). Therefore, because Stallone alleges that his claims stem from tripping over the water hose operated by an Ivy Acres employee, Stallone's claims against Van De Wettering as an agent of Ivy Acres arise from the same transaction as his negligence claims against Home Depot. (*See* Mot.; ECF No. 21-1.) A question of law or fact common to Home Depot and Van De Wettering will also arise because Stallone seeks to bring negligence claims against both Defendants. Moreover, Home Depot has not objected to Stallone's motion.

The second prong is also satisfied because all four of the factors considered when determining the fundamental fairness of joinder weigh in favor of joinder. First, as Stallone argues, the "delay in moving to amend/join is solely due to [Home Depot]" erroneously identifying Ivy Acres as a New Jersey Corporation, and "Plaintiff ha[d] been seeking the identity of [Van De Wettering] . . . since October 19, [2024], in its state court demands." (Mot. at 3; *see also* ECF No. 19-7 (demanding the "name of the Garden Associates on duty on the date of the incident"). Second, there is no prejudice where, as here, Home Depot does not oppose the motion, no dispositive motions have been filed, and "the action is still in its preliminary stages

---

for permitting joinder in light of the two-factor tests courts in this Circuit apply when considering such motions.

6

and discovery is ongoing." *Jerido*, 2022 WL 17986179, at *5; *Isaly*, 650 F. Supp. 3d at 114. Third, should the court deny joinder, Stallone represents that he will be "forced to commence a separate state court action against [Van De Wettering] arising from the same incident," therefore creating duplicative litigation. (ECF No. 19 at 3.) This risk is not a "direct result of [Stallone's] own actions because" he did not know the identity of Van De Wettering at the start of the litigation and only discovered this information in discovery. *Isaly*, 650 F. Supp. 3d at 115. Fourth, there is no evidence before the Court that Stallone seeks to join Van De Wettering solely to destroy diversity jurisdiction, considering that Stallone first sought discovery on the identity of the person operating the garden hose on October 19, 2024, before Home Depot removed this action to federal court. (*See* ECF No. 19-7 at 4.)

"Generally speaking, unless a plaintiff seeks to add a non-diverse party solely to destroy the court's basis for diversity jurisdiction, the court is required if the [first three] factors are met to remand the action to state court." *Jerido*, 2022 WL 17986179, at *6. Accordingly, notwithstanding that it would destroy complete diversity, joinder is both proper and "consistent with principles of fundamental fairness." *Isaly*, 650 F. Supp. 3d at 114.

## CONCLUSION

For the reasons set forth above, Stallone's Motion for Joinder and Upon Joinder, Remand to State Court is granted. The Clerk of Court is respectfully directed to remand this case to the Supreme Court of the State of New York, Suffolk County, pursuant to 28 U.S.C. § 1447(e).

Dated: Central Islip, New York
      February 9, 2026

                 */s/ Nusrat J. Choudhury*
                 NUSRAT J. CHOUDHURY
                 United States District Judge